UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL DWAYNE ASHWELL, | CASE NO. C19-1788RSM |
| Plaintiff, | ORDER DISMISSING COMPLAINT, GRANTING LEAVE TO FILE AN AMENDED COMPLAINT, AND DENYING APPLICATION FOR COURT APPOINTED COUNSEL |
| v. | |
| SEAN PAUL LOCKHART, et al., | |
| Defendants. | |

Pro Se Plaintiff, Daniel Dwayne Ashwell, has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #2. Plaintiff's Complaint was filed on November 5, 2019. Dkt. #3. Summonses have not yet been issued. Plaintiff has also filed an Application for Court-Appointed Counsel. Dkt. #4.

The nature of Plaintiff's action is not apparent from his exceedingly brief Complaint, which he provides on the Court's third-party complaint form. Plaintiff identifies himself, Sean Paul Lockhart, and President Donald J. Trump in his Complaint. Dkt. #3 at 1–2. Plaintiff indicates that Mr. Lockhart is a missing person and that unidentified people—presumably the defendants—"are blocking a 17 year old [sic] FBI investigation."[1] *Id.* at 2–3. As to President

---

[1] Plaintiff also indicates, on the Civil Case Coversheet, that his action relates to "Hate Crime by blocking missing persons help." Dkt. #3-1.

ORDER – 1

Trump, Plaintiff indicates that "Trump is a foot fetiscist [sic] whom stalks my Aunt Michele and she has multiple restraining orders on file." *Id.* at 3. Plaintiff does not appear to seek any specific relief.

Where a plaintiff is proceeding *in forma pauperis*, the court will dismiss a complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners). Pursuant to the Federal Rules of Civil Procedure, a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.").

FED. R. CIV. P. 8(a). Plaintiff's Complaint fails to satisfy any of these three requirements.

Most importantly, Plaintiff does not establish a clear jurisdictional basis for the Court to hear this case. As federal courts are courts of limited jurisdiction, a plaintiff bears the burden of establishing that a case is properly filed in federal court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). A plaintiff may establish federal jurisdiction by pleading a "colorable claim 'rising under' the Constitution or laws of the United States" or by pleading "a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently set at $75,000." *Arbaugh v. Y&H Corp.*,

546 U.S. 500, 513 (2006) (citations omitted). Plaintiff's Complaint does not establish this Court's jurisdiction.

Further, the Complaint does not provide an adequate factual basis supporting Plaintiff's claims. Plaintiff does not indicate what, if any, interest he has in either of the events he identifies. *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (noting that a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). Additionally, complaint must state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 557 (2007)). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plaintiff has not done so.

Lastly, Plaintiff's Complaint gives no indication of what relief Plaintiff seeks. Rule 8 specifically requires that the Complaint include "a demand for the relief sought." FED. R. CIV. P. 8(a)(3).

Because Plaintiff's Complaint is wholly deficient, it will be dismissed.[2] However, where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). The Court will permit Plaintiff to amend his Complaint.

---

[2] Because the Court dismisses Plaintiff's Complaint, it need not consider Plaintiff's Application for Court-Appointed Counsel. In deciding whether to appoint counsel, a court must consider "both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983). Dismissal of Plaintiff's Complaint renders his Application moot.

ORDER – 3

Accordingly, and having reviewed Plaintiff's filings and the remainder of the record, the Court finds and ORDERS that:

1. Plaintiff's Complaint (Dkt. #3) is DISMISSED.
2. Plaintiff is GRANTED LEAVE to file an amended complaint.
    a. **Plaintiff's amended complaint must include** short and plain statements telling the Court: (1) the law or laws upon which his claims are based, (2) how the disputes fall within the scope of those laws, (3) the specific relief he seeks, and (4) the basis upon which his claims are within the Court's limited jurisdiction.
    b. Plaintiff shall file any amended complaint **no later than twenty-one (21) days from the date of this Order.**
3. Plaintiff's Application for Court-Appointed Counsel (Dkt. #4) is DENIED as moot. The denial is without prejudice to the Plaintiff seeking court-appointed counsel on the basis of an amended complaint.
4. **Failure to file an amended complaint will result in this action being closed.**
5. The Clerk shall send a copy of this Order to Plaintiff's last known address: 2720 E Madison Street, Seattle, WA 98112.

DATED this 6th day of November 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE